UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria Guevara, | Case No. 19-cv-1957-WMW-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Monogram Meat Snack, LLC, | |
| Defendant. | |

This matter is before the Court on Maria Guevara's Motion to Compel Discovery. ECF No. 35. Ms. Guevara seeks an Order compelling Defendant, Monogram Meat Snacks, LLC ("MMS"), to produce: (1) all quarterly workers' compensation reports for a five-year period; (2) all documents relating to those reports; and (3) all documents reflecting or relating to documents memorializing the workers' compensation reports. Proposed Order, ECF No. 38. The Court held a hearing on December 2, 2020, and in a ruling from the bench, denied the plaintiff's motion.

For two reasons, the Court finds that Ms. Guevara has failed to show she is entitled an Order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). First, in response to the plaintiff's November 11, 2020 deficiency letter seeking production of the information identified in the motion, MMS searched for the materials, despite the arguable absence of any previous discovery requests for that information. After defense counsel spoke to three separate MMS employees regarding the requested information, MMS then produced documents responsive to the issues raised in the deficiency letter. Defense counsel now represents that, to the best of his knowledge, there are no remaining documents responsive to the plaintiff's requests. Given that representation, the plaintiff has not provided any basis on which the Court can find that MMS has failed to produce requested documents or to answer any interrogatory. Fed. R. Civ. P. 37(a)(3)(iii), (iv). Plaintiff's counsel's concerns regarding the relative scope of MMS's production and belief that there are missing documents that were not included in the motion to compel filed with the Court are addressed by the expedited procedure set forth below.

Second, with respect to any information in MMS's possession regarding the costs of workers' compensation claims for employees other than Ms. Guevara, the plaintiff has failed to show that the documents at issue were the subject of any specific discovery request. Rule 37 allows the Court to enter an order compelling discovery where a party has failed to answer an interrogatory

1

under Rule 33 or to produce documents in response to a Rule 34 request. Fed. R. Civ. P. 37(a)(3)(iii), (iv). Absent a request for such information, an Order compelling discovery is not appropriate.

Although the Court does not rely on the extent of plaintiff's counsel's efforts to meet and confer as a basis for denying the motion to compel, the Court reiterates the discussion at the hearing about its expectations for the meet-and-confer process. Here, after plaintiff's counsel sent the deficiency letter on November 11, 2020, MMS made a production two days later. Likely concerned with the November 13th deadline for filing non-dispositive motions, plaintiff's counsel filed the motion before a meaningful discussion about the propriety of MMS's production had a chance to play out. It would be preferable for counsel to have requested an extension of the non-dispositive-motion deadline and continued efforts to meet and confer. Doing so may have crystallized any dispute to a degree that the plaintiff would be able to show specifically which documents were requested, but not produced. More likely, given the decent working relationship between the attorneys on this case, those additional efforts would have obviated the need for the motion altogether.

Further, given plaintiff's counsel's concerns about the scope of MMS's production, and the reasonable disagreement regarding whether plaintiff requested information regarding the costs associated with Ms. Guevara's own workers' compensation claim, the Court denies MMS's request for a payment of the expenses, including attorney's fees, incurred in responding to the motion to compel. Fed. R. Civ. P. 37(a)(5)(B). Moreover, given the plaintiff's counsel's representations regarding his client's financial hardship, the Court finds that the circumstances of this case make an award of expenses unjust. *Id.*

Finally, the Court instructed counsel for the parties to meet and confer regarding the existence of any additional documents relating to Ms. Guevara's own workers' compensation claim that may not have been disclosed. Promptly after the date of this Order, Counsel are required to engage in meaningful discussions regarding any outstanding discovery into the cost of Ms. Guevara's worker's compensation claim. If any disagreements remain regarding the discoverability of such information, **no later than December 11, 2020**, the parties are required to contact the undersigned's chambers to schedule a telephone conference to address the discovery dispute using the Court's informal resolution process. If necessary, the Court will promptly set a telephone conference and the parties shall file letter briefs of no more than three pages at least 24 hours before the hearing.

**IT IS SO ORDERED**.

Date: December 3, 2020

                                                    *s/Katherine Menendez*  
                                                    Katherine Menendez  
                                                    United States Magistrate Judge